# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ABDUL AJAMU,
  AKA Donald Grady Jones,

        Petitioner,    :    Case No. 2:21-cv-5129

- vs -    District Judge Edmund A. Sargus, Jr.
    Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                     :

        Respondent.

## REPORT AND RECOMMENDATION

Petitioner Abdul Ajamu brought this habeas corpus action with the assistance of counsel, filing his Petition on October 27, 2021 (ECF No. 1). The undersigned, upon transfer of the case to him, attempted to complete the initial screening required by Rule 4 of the Rules Governing § 2254 Cases and found counsel had not complied with "Habeas Rule 2(d) which provides that "[t]he petition must substantially follow . . . the form appended to these rules," and did not furnish much of the information required by the standard form.

The Petition pleads that Petitioner is in the custody of Respondent by virtue of a conviction on three counts of rape and two counts of robbery on December 14, 1983 (ECF No. 1, ¶ 6, PageID 2). Petitioner then cites the decision of the First District Court of Appeals, upholding the convictions, but remanding for modification of the sentence. *State v. Jones*, 1984 Ohio App. LEXIS 11137 (1st Dist. Oct. 24, 1984).

1

Having cited the First District's opinion, Petitioner then claimed the Ohio Department of Rehabilitation and Corrections calculated the sentence when he entered custody at 26.5 to 55 years and that the ODRC's website still shows that as the sentence (Petition, ECF No. 1, ¶ 8, PageID 3). However, neither a printout from the website nor even a link to it was provided. Petitioner claims there had been "exhaustive litigation" to attempt to correct the error, but neither attached any documents from that litigation nor cited any reported decisions. Indeed, he asserted "ODRC has acknowledged as much in the attached correspondence," but no correspondence was attached.

The Petition acknowledged that twenty-five years after his rape and robbery convictions, Petitioner was convicted of felonious assault and sentenced to eight years imprisonment. *Id.* at ¶ 13. The Petition said nothing about any impact of this new sentence on the time Petitioner had left to serve. It provided no detail about when various state actors performed these allegedly unconstitutional acts, what efforts Petitioner made in the state courts to obtain relief, and what were the results. Instead, the Petition amounts to saying "we tried everything and nothing worked."

Faced with this pleading, the Magistrate Judge ordered that Petitioner file, not later than January 15, 2022, "an amended petition which provides all the information called for by the standard form of 2254 petition attached to the Habeas Rules." (Order for Amended Petition, ECF No. 4).

Today, sixty days later, Petitioner's counsel has filed an Amended Petition (ECF No. 7). He avers

> In fact, the ODRC website says that he is serving a twenty-six and a half year to fifty-five-year sentence. This is not accurate. ODRC has acknowledged as much in the attached correspondence. There has been exhaustive litigation dealing with the issue including a direct appeal to the First District, a request for the Ohio Supreme Court to hear a writ of procedendo, and various motions within the appellate court to correct the sentence. The trial judge who fixed the illegal sentence has refused to change it. The Court of Appeals has refused

2

> to enforce its own remand order to the Hamilton County Court of Common Pleas.

*Id.* at ¶ 8. As with the original Petition, there is no citation to the ODRC website, no "attached correspondence," and no papers from any of the asserted "exhaustive litigation." He continues "An Auditor at the Department of Rehabilitation and Corrections, Kathryn Roberts stated that the minimum term should be ten years. She has stated so in an affidavit which was attached to various state court proceedings by Petitioner." No copy of the Affidavit is attached.

Even a cursory review of the information required by the standard form for § 2254 proceedings shows Petitioner has failed to comply with the Order for an Amended Petition. There is no citation either to the ODRC web site to show the alleged wrong calculation nor to any of the decisions of any court after the decision cited above. Even the correspondence which is said to be attached is not.

Because Petitioner has now failed twice to file a sufficient Petition, including once after order from the Court to do so, it is respectfully recommended that the Petition be dismissed without prejudice for want of prosecution.

February 14, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and

3

shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #