# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ABDUL AJAMU,
  AKA Donald Grady Jones,

                Petitioner,      :      Case No. 2:21-cv-5129

    - vs -                           District Judge Edmund A. Sargus, Jr.
                                   Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                                     :

               Respondent.

## TRANSFER ORDER

This habeas corpus case was brought by Petitioner Abdul Ajamu with the assistance of counsel. It is ripe for decision on the Amended Petition (ECF No. 16), the State Court Record (ECF No. 19) and the Return of Writ (ECF No. 20). Although the Court set a deadline for filing a reply (ECF No. 12, PageID 72) and reminded Petitioner of the deadline (ECF No. 21), the deadline has now passed and no reply has been filed.

Petitioner avers the Court has jurisdiction under 28 U.S.C. §§ 1331 and 2241 (ECF No. 16, ¶ 4). Respondent asserts that 28 U.S.C. § 2254 provides the exclusive jurisdictional vehicle for state prisoners who wish to obtain habeas corpus relief (Return, ECF No. 20, PageID 284, relying on *Greene v. Tenn. Dept. of Corr*., 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000)).).

1

**Litigation History**

Petitioner was convicted of theft in Hamilton County Common Pleas Case No. B-783644 and sentenced to five years imprisonment in 1979; he was paroled October 16, 1979. He was convicted of drug abuse in Hamilton County Case No. B-812856 in 1982 and sentenced to six months to five years, consecutive to the prior case for a total of eighteen months to ten years in prison. He was paroled November 23, 1982.

In 1983, Ajamu was convicted of two counts of robbery and three counts of rape in Hamilton County case number B-833849. His parole was revoked and he was sentenced to concurrent prison terms of ten to twenty-five years for the rape counts, consecutive to eight to fifteen years for robbery and consecutive to seven to fifteen years in prison for robbery on separate counts, for a total of twenty-five to fifty-five years in prison. *Id.* This sentence was reduced to fifteen to twenty-five on appeal. At this point his total sentence was sixteen and one-half to sixty-five years in prison with a maximum expiration date of March 27, 2043.

Ajamu was again paroled on November 2, 1999, but then again convicted in 2004 of felonious assault. His parole was revoked and he was sentenced to a definite term of two years on the new conviction. His maximum sentence expiration date remained March 27, 2043, but on January 2, 2007, Ajamu was again released on parole.

In 2009, Ajamu was convicted of felonious assault in Hamilton County case number B-0901667. His parole was revoked and he was sentenced to a stated term of eight years in prison, expiring February 25, 2017. Ajamu's maximum expiration of sentence remained March 27, 2043. At his January 2017 parole release consideration hearing, the Ohio Adult Parole Authority voted to continue him to January 2, 2025.

In 2011, Ajamu unsuccessfully sought federal habeas relief from his 2009 felonious assault

conviction. The Petition in that case (Case No. 1:11-cv-474) was filed July 14, 2011. On recommendation of the undersigned (ECF No. 13), the Petition was dismissed with prejudice July 18, 2012 (ECF No. 16). Ajamu's appeal was dismissed for lack of appellate jurisdiction because it was untimely filed (ECF No. 25, citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415-16 (6th Cir. 2010)).

In the instant case, Petitioner pleads the following grounds for relief:

> **Ground One:** Petitioner has been denied due process by the parole board['s] using an incorrect state court judgment in its proceedings.
>
> **Ground Two:** The State of Ohio violated Petitioner's right to due process under the federal constitution by imposing an eight year sanction for a parole violation.

(Amended Petition, ECF No. 14, PageID 78, 81.)

## Analysis

Respondent argues the Amended Petition in this case is second or successive within the meaning of 28 U.S.C. § 2244(b) and therefore cannot proceed in this Court without the prior permission of the circuit court of appeals (Return, ECF No. 20, PageID 289-93). Petitioner has made no response and the time for doing so under S. D. Ohio Civ. R. 7.2, expired July 1, 2022,.

Although the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") provides for determination of second or successive status by the circuit court, the Sixth Circuit has held that that determination must be made in the first instance by the district court. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard,* 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). When the District Court errs in that determination, the practice of the Sixth Circuit has been to find that permission to proceed is

unnecessary and to remand the case. *Jackson v. Sloan,* 800 F.3d 260, 261 (6th Cir. 2015), citing *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008); *In re: Cedric E. Powell*, Case No. 16-3356, 2017 U.S. App. LEXIS 1032 (6th Cir. Jan. 6, 2017).

Based on the case authority cited by Respondent, the Court concludes the instant Amended Petition is second or successive because the claims made could have been made and adjudicated in the prior habeas corpus case. All the facts on which Petitioner relies were known to him at the time he filed the prior Petition or during its pendency.

A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016). While Respondent raises a statute of limitations defense in the Return, deciding it at this juncture would risk having the Sixth Circuit later decided this Court had acted without jurisdiction.

Instead, the proper course of action when a petition is found to be second or successive is to transfer the case to the Sixth Circuit for its determination on the first instance for its determination of whether Petitioner may proceed. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

**Conclusion**

In accordance with the foregoing analysis, it is hereby ORDERED that the Clerk transfer this case to the United States Court of Appeals for the Sixth Circuit for its determination of whether the case may proceed under 28 U.S.C. § 2244(b).

July 5, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge