# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ABDUL AJAMU,
  AKA Donald Grady Jones,

        Petitioner,    :    Case No. 2:21-cv-5129

   - vs -        District Judge Edmund A. Sargus, Jr.
                        Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                              :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit (Remand Order, ECF No. 24). Upon receipt of the Remand Order, the Magistrate Judge on February 28, 2023, directed the parties to notify the Court forthwith if they believed the case was not ripe for decision. No such notice has been received.

The relevant pleadings are the Petition (ECF No. 11; docketed as "Amended Complaint"), the State Court Record (ECF No. 19) and the Return of Writ (ECF No. 20). Petitioner, though notified of the date by which to do so, has elected not to file a reply/traverse.[1]

---

[1] When the State Court Record was filed, the Court notified Petitioner that his deadline to file a reply was July 1, 2022 (ECF No. 21). When Petitioner, who has been represented by counsel throughout these proceedings, failed to respond, the Magistrate Judge conducted the second or successive analysis needed to ensure this Court had jurisdiction.

1

**Litigation History**

The relevant litigation history is set forth in the decision of the Sixth Circuit (ECF No. 24) and need not be repeated here.

Petitioner pleads the following grounds for relief:

**Ground One:** Petitioner has been denied due process by the parole board['s] using an incorrect state court judgment in its proceedings.

**Ground Two:** The State of Ohio violated petitioner's right to due process under the federal constitution by imposing an eight-year sanction for a parole violation.

(Petition, ECF No. 11, PageID 42, 45).

## Analysis

Petitioner brings this action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. Respondent concedes that § 2241 is the proper jurisdictional vehicle for Petitioner's claims (Return, ECF No. 20, PageID 298).

**Statute of Limitations**

However, Respondent asserts the Amended Petition is barred by the statute of limitations and Petitioner has made no response. Respondent notes that Ajamu claims the parole board has used the incorrect or invalid judgment from Hamilton County Case No. B-833849 in every decision it has made about his parole, including in 1999, 2006, and 2017. 28 U.S.C. §, 2244(d) enacts a one-year statute of limitations; that one year runs from the parole board's use of the

2

allegedly invalid judgment in 2017. But Ajamu did not file the instant habeas petition until October 27, 2021. Pendency of Ajamu's prior habeas corpus action does not toll the statute under § 2244(d)(2). *Duncan v. Walker,* 533 U.S. 167 (2001). Therefore the Petition should be dismissed with prejudice as barred by the statute of limitations.

**Cognizability**

Respondent also asserts that Ground One is not cognizable in habeas corpus because it raises only a question of Ohio law, to wit, whether the judgment in B-833849 is a valid judgment or not. Petitioner has not responded.

The question raised by Ground One is a question of Ohio, not federal law.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Because Ground One raises only a question of state law, it should be dismissed without prejudice for failure to state a claim on which relief can be granted.

**Conclusion**

Based on the foregoing analysis, the Petition should be dismissed with prejudice as barred by the statute of limitations.  Ground One should also be dismissed because it does not state a claim upon which habeas corpus relief may be granted.

Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 8, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*
United States Magistrate Judge

\#