# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ABDUL AJAMU,
  AKA Donald Grady Jones,

              Petitioner,        :    Case No. 2:21-cv-5129

    - vs -                     District Judge Edmund A. Sargus, Jr.
                                  Magistrate Judge Michael R. Merz

WARDEN,
  Belmont Correctional Institution,

                         :
            Respondent.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 29) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed with prejudice (ECF No. 26). District Judge Sargus has recommitted the case for reconsideration in light of the Objections (ECF No. 30).

**Statute of Limitations**

Petitioner's claim is that Ohio has used an invalid judgment to continue his imprisonment since 2017. Noting that this habeas corpus action was not filed until 2021, Respondent raised as a defense the one-year statute of limitations enacted by 28 U.S.C. § 2244(d)(Return of Writ, ECF No. 20). Petitioner, although represented by counsel, made no response and the Report

1

recommended upholding the defense and dismissing the Petition as time-barred.

Petitioner now objects "There is no statute of limitations for federal prisoners filing habeas petitions pursuant to 28 U.S.C. § 2241." (Objections, ECF No. 29, PageID 599, citing *Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) followed by the Sixth Circuit in Wooten v. Cauley, 677 F.3d 303.* "Petitioner would argue that this should apply to state prisoners as well. There should be no distinction between the two." *Id.*

*Morales* does not support that result.  In the very next sentence after the one quoted above, Judge Posner refers the reader to 28 U.S.C. § 2244(d)(1) in which Congress makes the very distinction in question, expressly imposing the one-year AEDPA statute of limitations on all state prisoners seeking habeas corpus relief.

**Cognizability**

The Report also recommended dismissal because the question of whether the state court judgment in question was valid is a question of state law not cognizable in habeas corpus (Report, ECF No. 26, PageID 591).  Petitioner objects that he invoked the Due Process Clause in Ground One.  But merely claiming a due process violation does not convert a state law procedural question into a federal constitutional one.  "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."  *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

**Ground Two:  Due Process Violation by Imposing an Eight-Year Sanction for Parole Violation**

Petitioner objects that the Report does not contain a recommendation on Ground Two.  In

2

that Ground for Relief, Petitioner complains that he was denied Due Process when the Parole Board did not comply with its obligations under *Morrissey v. Brewer*, 408 U.S. 471 (1971). Petitioner is correct that the Report does not contain a separate analysis of Ground Two and for that the undersigned apologizes.

However, the same statute of limitations defense which applies to Ground One also applies to Ground Two. Ajamu is a state prisoner seeking habeas corpus relief and is thus subject to the statute of limitations enacted in 28 U.S.C. § 2244(d)(1). He would have known of the procedures used in the revocation proceedings when they occurred in 2009, but did not file his Petition until 2021.

**Conclusion**

Having reviewed the case in light of Petitioner's Objections, the Magistrate Judge adheres to his prior conclusion that the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 19, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond

to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge